UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY RIVERA,

        Plaintiff,

v.                                                                                            Case No. 06-C-910

SCOTT SILLER, STELLA PAYNE,
RICKY BUREMS, and JEREMY L. RESAR,

        Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff Anthony Rivera, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was arrested without a warrant and held in jail seventeen days without a hearing before a judge. Plaintiff is currently incarcerated at Milwaukee County Jail.

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $7.52. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Plaintiff is single and incarcerated; he has no cash, motor vehicle, real estate, stocks, bonds, bank accounts, or valuable personal items. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

Plaintiff is incarcerated at Milwaukee County Jail. According to the complaint, defendants Scott Siller, Stella Payne, and Ricky Burems are Milwaukee police officers, and defendant Jeremy Resar is Assistant District Attorney for Milwaukee County. (Compl. at 4.) Plaintiff claims that defendants knowingly denied him his constitutional right to a prompt probable cause hearing

following his warrantless arrest by Milwaukee police officers on January 13, 2006. (*Id.* at 5-6.) Plaintiff claims he was not taken before a judge for a probable cause hearing for 17 days (*id.* at 6), well outside the 48-hour guideline set forth by the Supreme Court in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Plaintiff further claims that no extraordinary circumstances or emergency existed that might have justified such a delay. (Compl. at 6.)

The Supreme Court has held that following a warrantless arrest, the Fourth Amendment requires that a prompt judicial determination of probable cause be made as a precondition to any extended restraint of the arrestee's liberty. *Gerstein v. Pugh*, 420 U.S. 103 (1975). A *Gerstein* hearing, as such hearings are typically called, that is held more than 48 hours after the defendant's arrest is presumptively unreasonable. *County of Riverside*, 500 U.S. at 56-57. After 48 hours, the burden is on the government to show the existence of an emergency or extraordinary circumstances; neither consolidation of pretrial proceedings (with the *Gerstein* hearing) lasting longer than 48 hours nor intervening weekends will count as extraordinary circumstances. *Id.* at 57. In applying this standard, the Seventh Circuit has interpreted *County of Riverside* to state that an "unexplained detention of 17 days before being charged with the crime for which the detainee is held is presumptively unconstitutional." *Sivard v. Pulaski County*, 959 F.2d 662, 666 (7th Cir. 1992). The Seventh Circuit has also held that an 18-day detention without an appearance before a judge or magistrate is a deprivation of liberty without due process of law. *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985). Thus, it appears that plaintiff has alleged that he was deprived of a right guaranteed by the United States Constitution.

Plaintiff's complaint does not clearly indicate the individual defendants' alleged roles in the claimed deprivation. His complaint states that defendant police officers arrested him and he was

not taken before a judge until seventeen days later. If, as is usually the case, the police officers merely arrested plaintiff, booked him into the Milwaukee County Jail, and continued with their duties, then they would have no liability. Once the County Jail assumes custody of the prisoner, it becomes the jailor's duty to obtain authorization to maintain that custody. If the jailor fails to do so, he may be liable, but the arresting officers, assuming they relinquished their custody, would not be liable. Because the complaint is unclear in this regard, however, and given my obligation to liberally construe pro se complaints, I will construe plaintiff's complaint as alleging that the defendant police officers maintained custody without bringing him before a judge for seventeen days. Since these allegations are sufficient to state a claim against them under § 1983, they will remain in the case for now, but will be allowed to seek summary judgment on an expedited basis if the facts so warrant.

The same is not the case for defendant Jeremy Resar, who is identified as an assistant district attorney. There are no allegations that tie Resar to the constitutional deprivation alleged in the complaint. The only allegation that concerns him at all is the assertion that "defendant knows that plaintiff has a constitutional right to a prompt determination of probable cause following the plaintiff's warrantless arrest." (Compl. at 6.) A defendant's knowledge is not enough, however, to render him liable. Here, there are no allegations that Resar had any responsibility for plaintiff's custody or the failure to provide him a hearing. I therefore conclude that the complaint fails to state a claim against defendant Resar and will order the claim against him dismissed without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted. **IT IS ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $342.48 balance of the filing fee by collecting monthly

payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the claim against defendant Resar is dismissed without prejudice. The claims against defendants Siller, Payne and Burems may proceed at this time. The U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the remaining defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden or superintendant of the institution where the inmate is confined, the City Attorney for the City of Milwaukee and Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents that do not indicate that a copy has been sent to all the defendants or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   11th   day of September, 2006.

                                                         s/ William C. Griesbach  
                                                         William C. Griesbach  
                                                         United States District Judge